RONALD W. BROWN, ESQ. (SBN 107340)
rbrown@cookbrown.com
ROBERT L. BOUCHER, ESQ. (SBN 244760)
rboucher@cookbrown.com
COOK BROWN, LLP
555 CAPITOL MALL, SUITE 425
SACRAMENTO, CALIFORNIA 95814
TELEPHONE NO.: 916-442-3100
FACSIMILE NO.: 916-442-4227

Attorneys for Defendant KSE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CALIFORNIA IRONWORKERS FIELD PENSION TRUST,<br>Plaintiff,<br><br>v.<br><br>KSE, INC.<br>Defendant. | Case No. CV10 4962-DDP (EX)<br><br>**COOK BROWN LLP'S MOTION TO WITHDRAW AS COUNSEL**<br><br>Date: March 28, 2011<br>Time: 10:00 a.m.<br>Dept.: 3 |

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL**

TO DEFENDANTS, ALL COUNSEL, AND THE COURT, on March 28, 2011 at 10:00 a.m. in Department 3, Cook Brown, LLP intends to move this Court for an order relieving it of its duties of representation on behalf of defendant KSE, INC. ("KSE") in this matter, allowing it to withdraw from this case for good cause shown. Pursuant to CD CA Rule 83–2.9.2.1: "An attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in

advance to the client and to all other parties who have appeared in the action."

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

On July 6, 2010, plaintiffs sued KSE for withdrawal liability under ERISA and MPPA after it allegedly ceased to pay into union pension funds. See ECF No. 1. On or about August 6, 2010, KSE and Cook Brown, LLP ("Cook Brown") entered a fee agreement providing that Cook Brown would represent KSE in the instant matter. Declaration of Ronald W. Brown in Support of Motion to Withdraw ("Brown Dec.") ¶ 2. Cook Brown took on defense of the case, filing KSE's answer, per stipulation to set aside the existing default, on August 23, 2010. Brown Dec. ¶ 3, see also ECF Nos. 8 and 13.

Thereafter, Cook Brown participated in the first phases of the case, preparing and filing the Joint Status Report, calendaring events scheduled by court order, communicating with opposing counsel, and providing certain advice to KSE regarding a promising early resolution of the matter. Brown Dec. ¶ 4. Although KSE initially participated in its defense, on January 31, 2011, KSE wrote to Cook Brown informing the firm that it was discharged as KSE's counsel in this matter. Brown Dec. ¶ 5, Ex. A ("According to ... our Attorney-Client Fee Contract we may discharge you at any time. We are discharging you with this letter.").

On February 2, 2011, Cook Brown responded by informing KSE that the Court's rules prevent corporations from appearing without an attorney. Brown Dec. ¶ 6, Ex. B. The letter requested that, per those rules, KSE provide the contact information of its new attorney, so that the attorneys could prepare a substitution form for filing with the Court. *Id.* In a subsequent

email, Cook Brown repeated the request for the contact information for KSE's new counsel. *Id.* KSE has failed to respond. *Id.*

## LEGAL ARGUMENT

Counsel of record may not withdraw from representation without leave of the court. Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 12-G citing CD CA Rule 83-182(d) ("An attorney may not withdraw as counsel except by leave of court."). "Federal courts generally look to applicable state rules of professional conduct" when evaluating counsel's motion to withdraw. Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 12-G ¶ 12:192.

A client has an absolute right at any time to discharge an attorney, with or without cause. *Joseph E. Di Loreto, Inc. v. O'Neill*, 1 Cal. App. 4th 149 (1991). The right to terminate the relationship "is based on the paramount interest of the client in his or her case, and the delicate nature of the attorney-client relationship." 7 Cal. Jur. 3d Attorneys at Law § 266 citing *Fracasse v. Brent*, 6 Cal. 3d 784 (1972) (other citations omitted). In order for the discharge to be effective, the client's intent to do so must be clearly expressed. *Atchison v. Hulse*, 107 Cal. App. 640, 290 P. 916 (4th Dist. 1930) (absent words dismissing the attorney, a letter disavowing the relationship does not suffice).

Once the client discharges its attorney, the attorney's duty is to properly remove himself as attorney of record where it is clear that his clients want to abandon their legal claim. Rules Prof. Conduct, rule 3-700(A)(2); *In re Regan* 2005 WL 1864217, 05 Cal. Daily Op. Serv. 7004, 2005 Daily Journal D.A.R. 9572 (Cal. Bar Ct., 2005). In the Central District, an attorney must withdraw by "application ... made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." CD CA Rule 83-182(d). The withdrawing attorney must notify its corporate clients that corporations may not represent themselves. CD CA Rule 83–2.9.2.3; see also ED CA Rule 83–183(a).

The California State Bar Rules of Professional Conduct address the requirements for withdrawal of counsel, providing that where a client, *inter alia,* renders the representation unreasonably difficult, the member may withdraw with leave of court. Cal. Rules. Prof. Cond. Rule 3-700(C)(1)(d). Alternatively, withdrawal is proper where the "member believes in good faith … that the tribunal will find the existence of other good cause for withdrawal." Cal. Rules. Prof. Cond. Rule 3-700(C)(6).

Here, KSE has expressly terminated Cook Brown's representation of it, and asserted, essentially, that Cook Brown was to withdraw as counsel. Under *In re Regan*, KSE's actions make Cook Brown's position clear: the firm must apply to this Court for an order relieving it of its duties as counsel of record for KSE. Good cause lies in the client's absolute right to control its case, and its "paramount interest" therein. KSE made its wishes explicit by delivery of a letter, citing the fee agreement and stating under its terms that: "We are discharging you with this letter."

To prevent possible injustice to KSE, Cook Brown informed KSE that it would be unable to represent itself before the Court, and attempted to persuade it to obtain other representation. KSE failed to respond to those efforts or to repudiate its discharge of Cook Brown. For these reasons, this motion should be granted under CD CA Rule 83-2.9.2.1 and Cal. Rules Prof. Cond. 3-700.

///

///

///

///

///

///

///

## CONCLUSION

Once KSE terminated the representative relationship, Cook Brown's duty became clear: to seek an order relieving it as counsel of record. As such, good cause supports this motion. Because KSE has an absolute right to terminate the representation, the Court must grant the motion or place Cook Brown in an untenable position where the firm cannot proceed with the defense, but is ostensibly required to do so. As such, defense counsel respectfully requests the Court grant this motion.

DATED: February 25, 2011

COOK BROWN, LLP
RONALD W. BROWN, ESQ.
ROBERT L. BOUCHER, ESQ.

By: /s/ Ronald W. Brown
Attorneys for Defendant
KSE, INC.

**PROOF OF SERVICE**

I, Kristin Bowling, declare:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Cook Brown, LLP, 555 Capitol Mall, Suite 425, Sacramento, California 95814. On February 25, 2011, I served the within documents described as: **COOK BROWN LLP'S MOTION TO WITHDRAW AS COUNSEL**

☒ (BY U.S. MAIL) by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

Kerry K. Fennelly, Esq.
Melissa W. Cook & Associates
3444 Camino del Rio North, Suite 106
San Diego, CA 92108
Telephone No. : 619.280.4302
Facsimile No.: 619.280.4304

Scott Koehler, President
KSE, Inc.
10400 Twin Cities Road
Galt, California 95632

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid.

☒ *(Federal)*I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 25, 2011, at Sacramento, California.

/s/ Kristin Bowling
KRISTIN BOWLING